IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| EDWARD ALSTON, III<br>3011 Old Largo Road<br>Upper Marlboro, Maryland 20772<br><br>            Plaintiff,<br><br>    v.<br><br>JEH C. JOHNSON, Secretary,<br>U.S. Department of Homeland Security<br>3801 Nebraska Avenue, N.W.<br>Washington, DC 20016<br><br>Serve: Eric H. Holder, Jr.,<br>Attorney General of the United States, or<br>c/o Designated Representative<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001<br><br>Serve: Ronald C. Machen, Jr., United States<br>Attorney for the District of Columbia, or<br>c/o Designated Representative<br>United States Attorney's Office<br>555 Fourth Street, N.W.<br>Washington, DC 20530<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: _____<br>)<br>)<br>)<br>) **Jury Demanded**<br>)<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff Edward Alston, III, by and through undersigned counsel, and files suit against the named Defendant, and for cause of action states as follows:

## INTRODUCTION

1. Plaintiff Edward Alston, III ("Plaintiff" or "Mr. Alston") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*; and the Civil Rights Act of 1991, 42 U.S.C. § 1981a; for relief from discrimination based on race (African American).

2. Defendant Jeh C. Johnson ("Defendant" or "Secretary Johnson") discriminated against Plaintiff on the basis of his race (African American) during the course of his employment with the United States Secret Service ("the Agency").

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Title VII, as amended, 42 U.S.C. §§ 2000e-16, 2000e-5(f)(1) and (3). Further, this Court has jurisdiction over this Complaint because there is diversity of the parties and presents a question of federal law. 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

4. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3). Secretary Johnson is an officer of the Department of Homeland Security and oversees the United States Secret Service, both of which are headquartered in the District of Columbia. Secretary Johnson performs a significant amount of his official duties in the District of Columbia and resides, for the purposes of venue, within the District of Columbia. *See, e.g., Bartman v. Cheney*, 827 F.Supp. 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in the District of Columbia for the purposes of 28 U.S.C. § 1391).

## PARTIES

5. Plaintiff is currently domiciled at 3011 Old Largo Road, Upper Marlboro, Maryland 20772. At all relevant times, Plaintiff was an employee of the United States Secret Service. Plaintiff is a resident of Prince George's County, Maryland and a United States citizen.

6. Secretary Johnson is being sued in his official capacity as the Secretary for the United States Department of Homeland Security.

7. Defendant is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendant; in addition, Defendant are the employer of persons who have committed negligent, discriminatory acts and/or omission against Plaintiff within the course and scope of their employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted all of his administrative remedies.

9. On or around September 7, 2012, Plaintiff timely contacted an EEO counselor and subsequently filed an informal complaint of discrimination based on race.

10. After the Agency issued a Notice of Right to File, dated October 6, 2012, Plaintiff timely filed a formal EEO complaint, on or around October 19, 2012, complaining of the discriminatory non-selection for the position at issue herein.

11. To date, the Agency has not issued a final decision.

12. Since 180 days from the date of filing his complaint has passed, Plaintiff now timely files this action pursuant to the 29 C.F.R. § 1614.408.

## FACTS

13. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

14. Mr. Alston has been employed by the United States Secret Service since February 1998.

15. During his employment with the Secret Service, Mr. Alston has earned numerous performance based awards, positive comments on his performance appraisals, and high ratings on his performance evaluations in recognition of his abilities and contributions to the Agency.

16. In August 2009, Mr. Alston returned to the Office of Polygraph Operations and has since operated as a GS-13 Senior Special Agent, Criminal Investigator, in the Office of Investigations, Forensics Services Division, Polygraph Operations.

17. Prior to returning to the Office of Polygraph Operations, Mr. Alston worked in the Protective Intelligence Division for four (4) years.

18. From August 2012 to January 2013, Mr. Alston operated as the Acting Assistant to the Special Agent in Charge (ASAIC) in the Office of Polygraph Operations, a GS-14 position, and successfully performed all of the duties and responsibilities related to the position.

19. At all relevant times, ASAIC Gary Moore (White) was Mr. Alston's first-line supervisor; Special Agent in Charge (SAIC) James Scott (White) was Mr. Alston's second-line supervisor; and the Retired Assistant Director David O'Connor (White) was Mr. Alston's third-line supervisor.

20. On or around 2005, Assistant Director O'Connor was part of a group of supervisors involved in sending emails that, upon information and belief, contained racist and derogatory language, including referred to African American members as Niggers.

21. Since becoming Mr. Alston's third-line supervisor, Assistant Director O'Connor would regularly greet Mr. Alston by name when walking by him in the hallway.

22. On or around August 2, 2012, the Agency issued a vacancy announcement, Number 12052, for two available ASAIC, GS-14, Polygraph Program Manager positions in the Office of Investigations, Forensics Services Division.

23. To date, no African American has operated as an ASAIC, GS-14, Polygraph Program Manager in the Office of Investigations, Forensics Services Division.

24. Mr. Alston applied for both of these vacant positions on or around August 14, 2012, and was placed on the Best Qualified List.

25. Of all the applicants, Mr. Alston was the best qualified and had the most experience and education for the position.

26. Assistant Director O'Connor recommended two White applicants, who were less qualified for the position than Mr. Alston, to the Advisory Board, which consisted of approximately thirteen (13), mostly White, members, including Assistant Director O'Connor.

27. Most of the Advisory Board members knew Mr. Alston on a first name basis.

28. The Advisory Board and Director Mark Sullivan (White), as a matter of course, approved Assistant Director O'Connor's recommendations.

29. When the selections were announced on or around September 6, 2012, Mr. Alston learned that T.C. (White) and J.K. (White) were selected to fill the two open ASAIC Polygraph Program Manager positions.

30. Having a polygraph certification is a requirement for the Polygraph Program Manager position.

31. At the time of the selection, Mr. Alston was certified as a polygraph examiner.

32. Neither T.C. nor J.K. had a polygraph certification when they were selected.

33. Despite his dedication and wealth of experience, Mr. Alston continues to watch less qualified White agents be promoted above him.

34. Upon information and belief, similarly situated employees of a different protected class are not subjected to the same foregoing hostile work environment and unlawful treatment.

## CAUSES OF ACTION

### COUNT ONE
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*
### (Employment Discrimination on the Basis of Race)

35. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

36. Plaintiff is an African-American and, as such, is a member of a protected class.

37. As an employee of Defendant, Plaintiff was treated differently and subjected to different terms and conditions of employment in comparison to the White employees that Defendant employed.

38. Defendant has subjected Plaintiff to adverse employment actions, including the adverse actions alleged herein, and otherwise deprived Plaintiff of his rights enjoyed by his White coworkers.

39. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of income, promotional opportunities and other disadvantages in the workplace.

40. The reason(s) proffered for Defendant's unlawful conduct, including the selectees being more qualified than Plaintiff, are not legitimate and would be pretext for its discriminatory conduct.

41. Defendant knew that Plaintiff is African-American prior to the non-selection described throughout this Complaint.

42. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race (African-American).

43. Defendant has limited, segregated and classified Plaintiff in a way that deprives his of employment opportunities and otherwise adversely affects his status as an employee because of his race (African-American).

44. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

45. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race (African-American).

46. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary

damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

47. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Defendant's treatment and actions were ongoing.

48. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

49. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

50. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

51. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court;

    a. Award compensatory damages in excess of Two Hundred and Twenty-Five Thousand Dollars ($225,000.00);

    b. Award lost wages;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendant to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein;

h. Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

52. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

53. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through their respective agents, servants and employees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Order Defendant to institute a policy and procedure to be implemented against discrimination;

b. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    c.    Supervisory training for the supervisors at issue herein; and

    d.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

54. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

By: *donna williams rucker /rsc*

DONNA WILLIAMS RUCKER
  (D.C. Bar No. 446713)
MACKENZIE B. COY
  (D.C. Bar No. 1004847)
RUCKER & ASSOCIATES, P.C.
888 Sixteenth Street, N.W., Suite 800
Washington, DC 20006-4104
Office: (202) 349-9830
Facsimile: (202) 355-1399
Email: drucker@ruckerlawpc.com
       mcoy@ruckerlawpc.com

November 10, 2014                  Counsel for Plaintiff