UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDWARD ALSTON, III, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-cv-1888 (TSC) |
| JEH CHARLES JOHNSON, *in his official capacity as Secretary of the DHS* | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Edward Allston III alleges that he was not selected for a promotion because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, *et seq*. Defendant moves to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. For the reasons stated herein, Defendant's motion is DENIED.

### I.   BACKGROUND

Plaintiff is an African American male, who began his employment with the United States Secret Service in February 1998. (Compl. ¶ 14). From August 2009 to August 2012, he worked as a GS-13 Senior Special Agent, Criminal Investigator, in the Office of Investigations, Forensics Services Division, Polygraph Operations. (*Id*. ¶¶ 16, 18). In August 2012, Plaintiff applied for one of two vacant GS-14 Assistant to the Special Agent in Charge Polygraph Program Manager positions in his office. (*Id*. ¶ 24). The vacancy announcement stated that applicants had to be verified Secret Service polygraph examiners, and that applicants who had

1

operations experience within the polygraph program, or a comparable field, were preferred. (Def. Mot. to Dismiss, Ex. 10 at 8). Plaintiff was placed on the Best Qualified List to fill one of the vacancies. (Compl. ¶ 24).

For GS-14 and 15 promotions in the Secret Service, the standard practice is for the Assistant Director of the office with the vacancy to recommend a candidate to an Advisory Board. (Compl. ¶ 26; Def. Mot. to Dismiss, Ex. 3 at 2–3). The Advisory Board in turn makes a recommendation to the Director of the Secret Service, who then makes the final decision. (Compl. ¶ 28; Def. Mot. to Dismiss, Ex. 3 at 2).

The Assistant Director in Plaintiff's office, who knew Plaintiff personally, was David O'Connor. (Compl. ¶¶ 19, 21). Plaintiff alleges that some time in or around 2005, O'Connor was part of a group of Secret Service supervisors who sent emails containing racist and derogatory language. (*Id*. ¶ 20). Plaintiff also alleges that the Advisory Board was made up mostly of white individuals. (*Id*. ¶ 26). O'Connor recommended two other applicants, both of whom are white, and both of whom eventually received the promotions, instead of Plaintiff. (*Id*. ¶¶ 26, 29). Plaintiff alleges that he was the best qualified applicant for the position because he had the most education and applicable experience for the position, including being a certified polygraph examiner, and that neither of the individuals selected were certified polygraph examiners at the time. (*Id*. ¶¶ 25, 31–32).

On or around September 7, 2012, Plaintiff contacted an EEO counselor and filed an informal complaint of racial discrimination. (*Id*. ¶ 9). He then filed a formal Individual Complaint of Employment Discrimination based on race on October 19, 2012, requesting an immediate promotion and punitive damages. (Compl. ¶ 10; Def. Mot. to Dismiss, Ex. 14). On January 30, 2014, he requested a right to sue letter in order to file his discrimination complaint in

federal court, and on July 2, 2014, the EEOC Administrative Judge issued an order of dismissal in order to allow Plaintiff file a complaint in federal court, noting that more than 180 days had passed since Plaintiff had filed his EEOC complaint. (*Id.*, Exs. 18, 19). But on August 7, 2014, the Director of the Complaints Management and Adjudication Section of the Office for Civil Rights and Civil Liberties in the Department of Homeland Security served Plaintiff with a Notification of Intent to Issue Final Action. (*Id.*, Ex. 20). The Notification stated that the agency did not deem Plaintiff's administrative complaint fully withdrawn, and in order to withdraw completely, Plaintiff had to submit a written request to the agency, or submit a copy of a civil action filed in a federal district court. (*Id.*). Plaintiff subsequently submitted a request for a full withdrawal from the administrative process, and filed this suit on November 10, 2014. (*Id.*, Ex. 12).

Defendant raises two arguments in support of his motion: first, that Plaintiff failed to exhaust his administrative remedies, and second, that Plaintiff fails to make out a cognizable claim of discrimination.

## II.     LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is plausible when the factual content allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, although a plaintiff may survive a Rule 12(b)(6) motion even where "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal quotation marks omitted). Evaluating a 12(b)(6) motion is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Summary judgment is appropriate where there is no disputed genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . .' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The nonmoving party, in response, must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (citations omitted). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. at 249.

### III. ANALYSIS

#### a. Summary Judgment

In evaluating a motion to dismiss, "the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (quoting

*Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006)) (internal quotation marks omitted).  "[W]here a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment. . . . Moreover, a document need not be mentioned by name to be considered 'referred to' or 'incorporated by reference' into the complaint." *Strumsky v. Washington Post Co.,* 842 F. Supp. 2d 215, 217–18 (D.D.C. 2012) (citations omitted) (internal quotation marks omitted).  Otherwise, "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  *Id.* (internal quotation marks omitted).  However, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).

"The decision to convert a motion to dismiss into a motion for summary judgment is committed to the sound discretion of the trial court."  *Ryan-White v. Blank*, 922 F. Supp. 2d 19, 22 (D.D.C. 2013) (quoting *Flynn v. Tiede–Zoeller, Inc*., 412 F. Supp. 2d 46, 50 (D.D.C. 2006)) (internal quotation marks omitted).  A court should convert the motion "[i]f extra-pleading evidence 'is comprehensive and will enable a rational determination of a summary judgment motion,'" but, when extra-pleading evidence is "scanty, incomplete, or inconclusive, the district court is more likely to decline to convert to summary judgment and permit further discovery." *Ramsey v. Moniz*, 75 F. Supp. 3d 29, 40 (D.D.C. 2014) (internal quotation marks omitted).

Defendant argues that its motion should be converted under Fed. R. Civ. P. 12(d) because Plaintiff had an opportunity for discovery during the administrative phase of the dispute and the evidence which Plaintiff seeks to gather in discovery is irrelevant, or not in dispute.  Plaintiff opposes converting the motion and instead requests discovery because his "ability to prove

pretext is heavily dependent upon witness testimony, credibility issues and other evidence requiring discovery." (Pl. Opp. at 26).  Plaintiff submitted a Rule 56(d) affidavit declaring that "there is a myriad of relevant material and discoverable documents that have not been obtained by Plaintiff," and listing discoverable material which he claims must be obtained before the dispute is ripe for summary judgment.  (*Id.*, Ex. 1 at 2).

Federal Rule of Civil Procedure 56(d) states that "[i]f a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," a court is empowered to grant the motion and allow further discovery.  Fed. R. Civ. P. 56(d).  A Rule 56(d) affidavit must: (1) outline the facts the non-movant "intends to discover and describe why those facts are necessary to the litigation[;]" (2) "explain 'why [the non-movant] could not produce the facts in opposition to the motion for summary judgment[;]'" and (3) "show the information is in fact discoverable." *U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 26 (D.C. Cir. 2014) (citations omitted) (internal quotation marks omitted).  Plaintiff's affidavit meets all three criteria: he lists the items he intends to discover; he explains that he received only partial responses to his discovery requests during the administrative phase and that there are still relevant material documents that he does not have, such as agency emails and internal documents; and he states that he did not have the opportunity to depose individuals involved in the selection process, such as O'Connor.  While Defendant does not deny that some of the materials Plaintiff seeks were not provided during the administrative phase, it argues that this information is not pertinent to the dispute.

The situation here is similar to *Ryan-White v. Blank*, 922 F. Supp. 2d 19 (D.D.C. 2013), in which the plaintiff sought recovery under Title VII, alleging retaliation for filing an EEOC complaint.  *Id.* at 21–22.  In *Ryan-White*, Plaintiff filed a Rule 56(d) affidavit after having no

discovery outside of the administrative context and, in language similar to the Plaintiff's here, listed discoverable material necessary to make the dispute ripe for summary judgment. *Id.* at 25. The court declined to convert the defendant's motion to dismiss to one for summary judgment, finding that the affidavit listed sufficient materials that had yet to be produced. *Id*. For the same reasons, this court finds that Plaintiff's affidavit suffices to establish that he is entitled to further discovery on his claim, and will therefore not convert Defendant's motion to dismiss to one for summary judgment.

    b.  **Exhaustion**

Plaintiffs in Title VII actions must first exhaust their administrative remedies before filing suit in federal court. *Howard v. Pritzker*, 775 F.3d 430, 438–439 (D.C. Cir. 2015). "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985).

Under Title VII, 42 U.S.C. § 2000e-16(c), a plaintiff who has timely filed a complaint with the EEOC may sue in federal court 180 days after filing the EEOC complaint "if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint." In addition to the mandated time period, "[e]xhaustion under Title VII demands a 'good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information.'" *Payne v. Locke*, 766 F. Supp. 2d 245, 249 (D.D.C. 2011) (internal quotation marks omitted). For example, "[a] plaintiff's suit 'will be barred for failure to exhaust administrative remedies' if he 'forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim.'" *Koch v. White*, 744 F.3d 162, 165 (D.C. Cir. 2014) (quoting *Wilson v. Peña*, 79 F.3d 154, 164 (D.C. Cir. 1996)).

Defendant argues that Plaintiff failed to exhaust his administrative remedies because he voluntarily withdrew his complaint before final agency action was taken, and therefore cannot be "aggrieved," since his withdrawal of the complaint frustrated the Agency's ability to resolve it. Defendant relies on *Wiley v. Johnson*, 436 F. Supp. 2d 91 (D.D.C. 2006), in which the plaintiff, after more than 180 days had passed since filing his complaint, and prior to the agency taking final action, wrote to the EEOC and asked to withdraw from the administrative process and sue in federal court. *Id*. at 95.  The EEOC granted the plaintiff's request for dismissal without issuing a right to sue letter. *Id.* The court then dismissed the suit for failure to exhaust, noting that "[a] voluntary dismissal cannot be used to circumvent the requirement of exhaustion." *Id.*

However, as Defendant notes, courts in this district have disagreed on whether voluntary withdrawal after 180 days amounts to exhaustion.  In *Payne*, where the plaintiff alleged that he was not hired due to gender discrimination, the defendant sought to dismiss the complaint because the plaintiff stopped cooperating with the agency over 239 days after filing his administrative complaint, and then voluntarily withdrew to file suit in federal court. 766 F. Supp. 2d at 247–248.  The court denied the government's motion, noting that all a plaintiff must do to exhaust is cooperate with the agency for 180 days before withdrawing to sue in federal court. *Id*. at 249–250.  The court also found that "[b]ecause the *Wiley* opinion failed to consider the language in 42 U.S.C. § 2000e–16(c) and 29 C.F.R. § 1614.407 authorizing federal employees to bring suit 180 days after the filing of administrative complaints, this Court agrees with other courts that have reviewed the opinion and declined to follow it." *Id*. at 251.  This court agrees with the reasoning in *Payne*, and declines to follow *Wiley*.  Defendant does not argue that Plaintiff failed to cooperate with the agency during its investigation, was uncooperative, or acted in bad faith.  Defendant relies solely on the fact that Plaintiff chose to

withdraw his complaint—well over 180 days after he had filed it—and litigate in federal court, as permitted under the statute. The court does not find the fact that the Plaintiff chose to withdraw his administrative complaint to be determinative, especially given the length of time it had been pending. *See Howard v. Pritzker*, 775 F.3d 430, 439 (D.C. Cir. 2015) (alteration in original) (citations omitted) ("In recognition of lengthy administrative delays, Congress allowed an employee to 'escape from the administrative quagmire,' by 'fil[ing] a civil action if, after 180 days from the filing of the initial charge or appeal, the [employing] agency or the [EEOC] has not taken final action.'"); *Payne*, 766 F. Supp. 2d at 250 ("[R]ecent opinions in this judicial district have recognized that federal employees may seek judicial review after their discrimination claims languished for more than 180 days at the administrative level."); *Augustus v. Locke*, 699 F. Supp. 2d 65, 71 (D.D.C. 2010) ("[A] plaintiff may withdraw from an administrative hearing after cooperating with an agency's investigation for 180 days."); *Ramsey v. Moniz*, 75 F. Supp. 3d 29, 46 (D.D.C. 2014) ("[P]laintiff cooperated in the EEO proceedings for more than 180 days and withdrew from her optional administrative hearing in good faith. Thus, the plaintiff's withdrawal from the administrative process does not amount to a failure to exhaust her administrative remedies."). Given the length of time in which Plaintiff's EEOC complaint had been pending, and the fact that he did not act in bad faith or otherwise fail to cooperate in the prosecution of his complaint, the court finds that Plaintiff properly exhausted his administrative remedies.

    **c.  Plaintiff's Discrimination Claim**

When the record before the court contains no direct evidence of discrimination, it employs the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), to determine if an individual suffered discrimination in violation of Title VII:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the [action in question]." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981) (quoting *McDonnell Douglas*, 411 U.S. at 802, 804). "To establish a prima facie case of discrimination, a claimant must show that '(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.'" *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C. Cir. 2007) (quoting *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999)). In the context of non-hiring or non-promotion, the framework "demand[s] that the alleged discriminatee demonstrate at least that his rejection did not result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought." *Morgan v. Fed. Home Loan Mortg. Corp.*, 328 F.3d 647, 650–651 (D.C. Cir. 2003) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n.44 (1977)) (internal quotation marks omitted).

At the motion to dismiss stage though, a plaintiff need not establish a prima facie case. *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 161–162 (D.C. Cir. 2015). Rather, he need only allege "facts that, if true, would establish the elements of each claim." *Tressler v. Nat'l R.R. Passenger Corp.*, 819 F. Supp. 2d 1, 5 (D.D.C. 2011) (quoting *Robinson–Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 14 (D.D.C. 2008)) (internal quotation marks omitted). Thus "the Court may explore the plaintiff's prima facie case at the dismissal stage to determine whether the plaintiff can ever meet his initial burden to establish a prima facie case for Title VII

discrimination." *Id.* (quoting *Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 72 (D.D.C. 2007)) (internal quotation marks omitted).

Neither party here disputes that Plaintiff is a member of a protected class.  Defendant argues that Plaintiff has failed to meet the second and third factors of *McDonnell Douglas* because: (1) he was not selected for the promotion because he was not as qualified as the selectees, and (2) he fails to raise an inference of discrimination.  However, these arguments are not appropriate at the motion to dismiss stage, where Plaintiff need only plead sufficient factual allegations to support each element of a discrimination claim.  The court finds that Plaintiff has done so here.

A failure to promote is an adverse action so long as there is an open position.  *Yarber-Butler v. Billington*, 53 F. App'x 120, 120 (D.C. Cir. 2002) (citing *Stella v. Mineta*, 284 F.3d 135, 146 (D.C. Cir. 2002)).  Plaintiff alleges that he applied for an open position, that he was not chosen for the promotion—despite allegedly being on the most qualified list and being a certified polygraph operator—and that two other white individuals were selected.  (Compl. ¶¶ 22, 24, 25, 29, 31–32).

Plaintiff also alleges a sufficient factual basis to support an inference of discrimination. He claims that his third line supervisor, who was the recommending official for the promotion, was involved in sending racist emails in 2005.  (*Id.* ¶ 20).  In addition, he asserts that he was more qualified than the white individuals who were selected.  (*Id.* ¶¶ 24, 25, 29, 31–32).  While courts are reluctant to infer discrimination based on "stray remarks,"  discriminatory comments "are much more likely to raise an inference of bias in employment decisions where they 'refer directly to the plaintiff,' and where they are made by decisionmakers, rather than coworkers without influence over the challenged decision." *Hyson v. Architect of Capitol*, 802 F. Supp. 2d

84, 99 (D.D.C. 2011) (citations omitted) (internal quotation marks omitted).  Here, although Plaintiff does not allege that the emails referred directly to him, he does allege that they were sent by the supervisor who made the decision not to recommend Plaintiff and to select two white employees.  The court finds that at this stage of the proceedings, Plaintiff has alleged sufficient facts to make a claim for relief plausible, and will therefore deny Defendant's motion to dismiss.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED. A corresponding order will issue separately.

Dated: September 23, 2016